# UNITED STATES DISTRICT COURT

for the
Western District of Texas
Austin Division

United States of America )
)
v. )
) Case Nos. 1:23-cr-109-RP-1 & 1:23-cr-111-RP-1
Francisco Perez-Arellano (1) )
*Defendant* )
)

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention in Case No. 1:23-cr-109-RP-1

X **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:    There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    X **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c).

**B. Conclusions Regarding Applicability of Any Presumption Established Above**

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

### Part III – Other Reasons or Further Explanation

After considering the factors set forth in 18 U.S.C. § 3142(g); the Pretrial Services Report, which recommends detention; and the evidence and arguments of counsel at the detention hearing, the Government has proven that no condition or combination of conditions will reasonably assure Defendant's appearance as required. Defendant did not report to the Probation Office as required on his release from custody in 2021 following a conviction for Illegal Reentry of an Aggravated Felon and allegedly participated in criminal activity while on supervision. Defendant also lacks legal status in the United States and if convicted is subject to a lengthy period of incarceration, followed by removal or deportation. Because Defendant has not introduced sufficient evidence to rebut the presumption, his detention pending trial is required.

### Part IV – Detention in Case No. 1:23-cr-111-RP-1

The Court further orders that the defendant shall be detained pending further proceedings on the Petition for Warrant or Summons for Offender Under Supervision issued April 1, 2021. For the reasons stated in Part III above, the Court finds, pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a)(1), that the defendant has not established by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.

### Part V - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   July 7, 2023

Susan Hightower
United States Magistrate Judge